IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NUE MEDICAL CONSULTING, INC., ) ) ) Plaintiff, ) ) vs. ) ) GDSL, INC. and ) KENNETH I. BAILYNSON ) ) Defendants. ) _____ ) | Case No. 1:15-cv-00153-WBH |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM OR IN THE ALTERNATIVE FOR A MORE DEFINITIVE STATEMENT**

Defendants GDSL, Inc. and Kenneth I. Bailynsons's (collectively, "Defendants") threadbare, four (4) page Motion to Dismiss and Supporting Memorandum ("Motion to Dismiss") is nothing more than a misguided filing. As demonstrated below, Plaintiff Nue Medical Consulting Inc. ("Nue Medical"), more than adequately states a claim for breach of contract, injunctive relief, and misappropriation of trade secrets in its Verified Complaint for Injunctive Relief and Damages ("Complaint"). The factual allegations in the Complaint, and the

overwhelming weight of the controlling authorities, inescapably call for Defendants' Motion to Dismiss to be denied in its entirety.

## I. STATEMENT OF FACTS

The allegations in the Complaint constitute the facts that are pertinent to Defendant's Motion to Dismiss. But rather than summarize those alleged facts here, Plaintiff will do so in discussing each of the Counts of the Complaint that Defendants seek to dismiss.

## II. ARGUMENT AND CITATIONS OF AUTHORITY

### A. Standard of Review

Defendants largely bypass the standards courts apply on a motion to dismiss for failure to state a claim. Under Rule 12(b)(6), a complaint should be dismissed only where the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Further, all well-pleaded facts in the complaint are to be accepted as true, and all reasonable inferences are to be construed in the light most favorable to the plaintiff. *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1198 n.2 (11th Cir. 2001). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court clarified this standard and held that a plaintiff satisfies its burden if it pleads sufficient

factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, a plaintiff must allege sufficient facts to "allow [] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 560 U.S. at 678.In considering Defendants' Motion, Nue Medical's well-pled factual allegations must be accepted as true, and construed in a light most favorable to Nue Medical. *See*, *e.g.*, *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1296 (11th Cir. 2007) (in ruling on a motion to dismiss, the court must accept factual allegations as true and construe them in the light most favorable to the plaintiff); *LSREF2 Baron, LLC v. Alexander SRP Apts., LLC*, 2014 U.S. Dist. LEXIS 56199, at *35 (N.D. Ga. March 31, 2014) (Totenberg, J.).

Even after *Twombly* and *Iqbal*, the primary objective of Rule 8(a)(2) is still "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) (internal quotation marks omitted). Accordingly, a pleading fails to state a claim only "if it does not contain allegations that support recovery under any recognizable legal theory." *United States ex rel. Bibby v. Wells Fargo Bank*, N.A., 906 F. Supp. 2d 1288, 1292 (N.D. Ga. 2012) (Totenberg, J.) (Citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1216 (3d ed. 2002)). Further, "a well-pleaded complaint may proceed even if it strikes a

savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal citations omitted) (emphasis added). Nue Medical therefore need not have provided "detailed factual allegations" to survive dismissal of its claims. *Twombly,* 550 U.S. at 555. Instead, the Complaint merely "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 570).

As such, "[t]he Federal Rules do not require specific facts to be pled for every element of a claim or that claims be pled with precision." *Lizana-Jackson v. United States Dep't of the Treasury*, 2013 U.S. Dist. LEXIS 184765, at *4 (N.D. Ga. Nov. 25, 2013) (Totenberg, J). It is only necessary that a complaint "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Id.* (quoting *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282-83 (11th Cir. 2007)).

Plaintiff has pled its claims in a nine page Complaint with 44 separately number paragraphs. Further, Plaintiff annexed to the Complaint copies of both of the contracts in their entirety which form the basis of Plaintiff's claims.[1]

---

[1] Plaintiff's Complaint incorporates the two contracts. [Dkt. 1-2]. Incorporation by reference is expressly permitted by the Federal Rules. *See, e.g., T12 Entertainment, LLC v. Young Kings Enters*., 2014 U.S. Dist. LEXIS 110174, at *8 (N.D. Ga. Aug. 11, 2014) (Batten, J.) ("To be sure, incorporation is not necessarily problematic.") (citing Fed. R.

3

Defendants nonetheless assert that the Complaint "fails to comply with the pleading standards under the Federal Rules of Civil Procedure," presumably because prior to removal, the action was "drafted for filing in state court." [DKT. 1-3 at 2], and move to dismiss all of these claims or in the alternative for a more definite statement. Plaintiff respectfully submits that Defendants' reading of the Complaint and Rule 8(a)(2) is unfairly and improperly myopic.

> **A. Nue Medical Has More than Adequately Pled Each of the Counts in the Complaint**
>
> > **1. Breach of Contract (Count I)**

Defendants first assert that Count I fails to state a claim for breach of contract because Nue Medical fails to allege sufficient facts to establish that any fees were generated under either the Laboratory Agreement or the Billing Agreement ("Agreements") after August 2014. [DKT. 6 at 3]. Defendants have clearly misunderstood Plaintiff's allegations. The Complaint specifically states Defendants "have ceased paying Nue Medical, are in arrears with respect to" fees owed under the respective agreements. [DKT. 1-2 at 7, ¶¶ 16, 19]. With respect to Count 1, Plaintiffs are clearly suing Defendants for funds already generated by Defendants. The irony in this matter is that, as the "exclusive" medical billing

---

Civ. P. 10(c) ("A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion")).

4

entity for Defendants, Plaintiff is well aware of the revenues generated from claims submitted to insurance carriers. Therefore, even assuming Defendants ceased its operations following August 14 and/or the FBI raid, Defendants still owe Nue Medical its fees for the billing and laboratory services it provided, which where undoubtedly a percentage of revenues Defendants ultimately collected.

Furthermore, there is no requirement that Nue Medical must prove the exact number of damages resulting from Defendants' breach of contract at the pleadings stage. To be sure, the precise amount of money owed to Plaintiff is ultimately contingent upon the revenue generated by Defendants under the Agreements. However, specific payment terms are *explicitly provided* in the Complaint and the Agreements, which are attached as exhibits to the Complaint "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted. *Adinolfe v. United Technologies Corp.* (11th Cir. 2014) (internal citations omitted).

Moreover, any argument that Plaintiff is required to prove an exact dollar amount of damages at this juncture is vitiated by Defendants' own unclean hands. This contract required Defendants to finalize and produce to Nue Medical information regarding Defendants' monthly revenues, which Defendants failed to

5

do.  The Laboratory Services Agreement provides in pertinent part, "GDSL shall pay the consultation fee to Nue in arrears and on a monthly basis, within five (5) business days after GDSL financial statements are finalized on or before the fifteenth (15th) day of the following month[2]." [DKT. 1-2 at 16].

Defendants again miss the mark when they assert that Count I fails because Plaintiff has failed to allege that Plaintiff fully performed all of its duties under the respective Agreements. [Dkt. 6 at 3]. This assertion is simply untrue. Nue Medical alleges that Defendants <u>received services</u> from Nue Medical for which it was not fully compensated…" [DKT 2-1 at 9, ¶28]. Without a doubt, the provision of laboratory consulting and billing services, which are explicitly spelled-out in the Agreements, constitute performance under the law, and if not compensated for, give rise to a breach of contract claim. *Diagnostic Laboratory v. PBL Consultants*, 136 Ariz. 415 (1983); *Xifin Inc., v. Pathology Associates Medical Laboratories, LLC* 14CV0671 (S.D. Cal. 2014). A party asserting breach of contract in Georgia

---

[2] Defendants breached their contract through non-payment per section 3(a) of the Laboratory Services Consulting Agreement and *inter-alia*:
    Section 5(a) which provides that GDSL, "Provide Nue with full and complete access to the Laboratory to permit Nue to provide the services in a timely manner; 5(b), Establish and implement accounting functions; collect, receive and account for all funds generated as a consequence of the operation of the laboratory…., 5(g) prepare financial statements and reports. Defendants further breached their contract with Nue by failing to comply with the law per the FBI raid, pursuant to section 11. Section 11 reads in pertinent part: **Compliance with Applicable Law.** The parties will comply and intend that this Agreement will comply at all times with Applicable law, including without limitation fraud and abuse statutes, the federal anti-kickback statute, state licensing regulations, and rules and regulation of applicable healthcare accreditation organizations…[Dkt. 1-2, at 20-22]

Defendants likewise committed a myriad of breaches of the Medical Services Agreement. For example, Defendants failed to pay Nue for billing fees pursuant to Sections 3 and 4 of the Agreement. [Dkt. 1-2 at 24-25]

must plead and prove (1) the subject matter of the contract, (2) consideration, and (3) mutual assent by the parties to all of the contract terms. *Select Medical Corp. v. Allen*, 2012 WL 5879821 at *2 (M.D. Ga.) (citing O.C.G.A. § 13-3-1). The party must further show "'the (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken.'" *Cincinnati Ins. Co. v. Tommy L. Griffin Plumbing and Heating Co*., 2012 WL 4759086 at *3 (M.D. Ga.) (*quoting Duke Galish, LLC v. Manton*, 308 Ga. App. 316, 320, 707 S.E.2d 555, 559 (2011)). Accepting as true the well-pleaded facts outlined above, all of the elements of the Plaintiff's Breach of Contract claim have been pled and met. As set forth above, Nue Medical clearly alleges that Defendants were required to pay Nue Medical consultation fees but did not do so with respect to the Laboratory Services Consulting Agreement [DKT. 1-2 at 7, ¶ ¶13, 16] and that Defendants breached the Medical Billing Services Agreement. [DKT. 1-2 at 7, ¶19]. Of course, Nue Medical has the "right to complain about the contract" because on or about October 2013 Nue provided its licenses to Defendants. laboratory services, and medical billing services and was not thereafter paid what it was owed. [DKT. 1-2 at 7, ¶11]

    **2.**    **Injunctive Relief and Misappropriation of Trade Secrets**

Under the Georgia Trade Secrets Act, O.C.G.A. § 10-1-760 *et seq.,* a claim for misappropriation of trade secrets requires a party to prove that (1) it had a trade secret and (2) the opposing party misappropriated the trade secret. A party misappropriates a trade secret when, among other things, it discloses or uses a trade secret of another, without express or implied consent, knowing that at the time of disclosure or use the trade secret was acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use. O.C.G.A. § 10-1-761(2)(B). Defendants seek to dismiss Count II of the Complaint by asserting that Nue Medical has failed to plead with specificity its trade secrets that they are alleged to have misappropriated. First, Defendants cite no authority for requiring Nue Medical to lay out in a public pleading the very trade secrets that it is trying to protect. The law is not this absurd. Nue Medical properly alleges that Defendants misappropriated its "instrument and sample preparation methods, and the validation processes related thereto, used in connection with the operation of the Laboratory [DKT. 1-2 at 10, ¶¶ 32-26.]. The Complaint goes on to describe the methodologies and other trade secrets in even more detail. For example, the Complaint provides that the "in-house" validation procedures were designed in order to confirm the accuracy of instrument methodologies in compliance with regulatory agencies, while the sample preparation methodologies specifically include certain "extraction and adulteration techniques." [DKT. 1-2 at 10, ¶¶ 33-

8

35.]. Moreover, Nue Medical affirmatively alleges that that it took reasonable and appropriate steps to protect its trade secrets. [*Id.*]

Finally, Defendants attempt to dismiss Count III for Injunctive relief is no less off base. Section 7(b) of the Laboratory Services Agreement explicitly allows the parties to seek injunctive relief in the event of breach of the Agreement. [DKT. 1-2 at 19]. It is no surprise then that Nue Medical's Complaint attempts to enforce the very provisions of the contract it entered it to. Furthermore, Nue Medical properly alleges that Defendants' wrongdoing has caused it "irreparable injury" in that Nue Medical has no adequate remedy at law to prevent Defendants from continuing to violate the Agreements. [DKT. 1-2 at 19, ¶44]. The case law agrees[3]. *See, e.g., Mohr v. Bank of N.Y. Mellon Corp.*, 393 F. App'x 639, 646 (11th Cir. 2010) (applying Georgia law) ("the loss of customers and good will is an irreparable injury"); *Poe & Brown of Ga., Inc. v. Gill*, 268 Ga. 749, 750 (1997) (trial court abused its discretion by failing to grant injunctive relief when plaintiff would suffer irreparable harm due to former employee's breach of non-solicitation of customers covenant because loss of customers results in injury that cannot be quantified). In addition, the Georgia Trade Secrets Act ("GTSA") unequivocally

---

[3] Nue Medical seeks injunctive relief to protect its trade secrets and confidential information from GDSL's unlawful disclosure and continued use of said trade secrets and confidential information because upon GDSL's breach, Nue reasonably fears that GDSL continues to unlawfully use and share Plaintiff's proprietary and confidential information and or trade secrets.

provides that "[a]ctual or threatened misappropriation may be enjoined." O.C.G.A. § 10-1-762(a). Nue Medical is not otherwise required to allege irreparable harm to be entitled to this injunctive relief if it can prove that Defendants violated the GTSA.

## IV.   CONCLUSION

For the foregoing reasons, Nue Medical respectfully requests that Defendants' Motion be denied in its entirety.[4]

This 11th day of March, 2015.

Respectfully Submitted,

/s/ Tarek Abdel-Aleem
Tarek Abdel-Aleem
GBN 946317
Counsel for Plaintiff, Nue Medical Inc.

JOSEPH & ALEEM, LLC
Tarek Abdel-Aleem, Esq. GA Bar No. 946317
1130 Hurricane Shoals Road, NE Ste. 2600
Lawrenceville, GA 30043
Telephone (678) 878-3042

---

[4] If the Court is nonetheless inclined to grant Defendants' Motion as to any claim, Nue Medical respectfully requests leave from the Court to file an Amended Complaint to cure and deficiencies in its pleadings. See Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires").

Email: tarek@josephaleem.com
Counsel for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| NUE MEDICAL CONSULTING INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:15-cv-00153-WBH |
| ) | |
| GDSL, INC. and ) | |
| KENNETH I. BAILYNSON ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**CERTIFICATE OF COMPLIANCE**

In compliance with N.D. Ga. R. 7.1D, I certify that the foregoing PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS has been prepared in conformity with N.D. Ga. R. 5.1. This memorandum was prepared with Times New Roman (14 point) type, with a top margin of one and one-half (1 ½) inches and a left margin of one (1) inch. This memorandum is proportionately spaced, and is no longer than 25 pages.

This 11th day of March, 2015.

Respectfully Submitted,

/s/ Tarek Abdel-Aleem
Tarek Abdel-Aleem

              GBN 946317
              Counsel for Plaintiff, Nue Medical Inc.


JOSEPH & ALEEM, LLC
Tarek Abdel-Aleem, Esq. GA Bar No. 946317
1130 Hurricane Shoals Road, NE Ste. 2600
Lawrenceville, GA 30043
Telephone (678) 878-3042
Email: tarek@josephaleem.com
Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NUE MEDICAL CONSULTING INC., | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | )    Case No. 1:15-cv-00153-WBH ) |
| GDSL, INC. and KENNETH I. BAILYNSON | ) ) ) ) |
| Defendants. | ) ) |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have electronically filed PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS with the Clerk of Court using the CM/ECF system, which automatically provides email notification of the filing to the following attorney of record:

**Counsel for Defendants**

Megan P. Mitchell
C. Knox Withers
Georgia Bar No. 142482
Megan P. Mitchell
Georgia Bar No. 916934
ARNALL GOLDEN GREGORY LLP
171 17th Street NW, Suite 2100
Atlanta, GA 30363-1071

14

Phone: (404) 873-8164
Fax: (404) 873-8165
E-mail: knox.withers@agg.com
megan.mitchell@agg.com

Bruce E. Reinhart (admitted pro hac vice)
Florida Bar No. 0010762
MCDONALD HOPKINS
Flagler Center Tower
505 South Flagler Drive, Suite 300
West Palm Beach, FL 33401
Phone: (561) 472-2970

I FURTHER CERTIFY that the undersigned responsible for service of the above document acknowledges that I am in possession of the original of the foregoing and the custodian thereof, the same to be held in accordance with the local rule.

This 11th day of March, 2015.

Respectfully Submitted,

/s/ Tarek Abdel-Aleem
Tarek Abdel-Aleem
GBN 946317
Counsel for Plaintiff, Nue Medical Inc.

JOSEPH & ALEEM, LLC
Tarek Abdel-Aleem, Esq. GA Bar No. 946317
1130 Hurricane Shoals Road, NE Ste. 2600

15

Lawrenceville, GA 30043
Telephone (678) 878-3042
Email: tarek@josephaleem.com
Counsel for Plaintiff