UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NUE MEDICAL CONSULTING, INC., <br><br> Plaintiff, <br><br> v. <br><br> GDSL, INC. and KENNETH I. BAILYNSON <br><br> Defendants. | Case No. 1:15-CV-00153-WBH <br><br> PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS' COUNTERCLAIM |

**PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS' COUNTERCLAIM**

COMES NOW Plaintiff Nue Medical Consulting, Inc. (hereinafter, "Nue Medical"), by and through its undersigned counsel, and files its Answer and Affirmative Defenses to Defendants' Counterclaim ("Counterclaim") filed by Defendants GDSL, Inc. (hereinafter, "GDSL") and Kenneth I. Bailynson (hereinafter, "Bailynson").

FIRST DEFENSE

The Counterclaim fails in whole or in part to state a claim against Plaintiff upon which relief can be granted.

SECOND DEFENSE

Defendants are barred by the doctrine of Unclean Hands in that their

1

wrongful conduct precludes them from any recovery.

### THIRD DEFENSE

Defendants' claims are barred in whole or in part by their laches and acquiescence.

### FOURTH DEFENSE

Defendants' claims are barred in whole or in part by the lack of causation as Plaintiff was not the cause of any damages allegedly suffered by Defendants.

### FIFTH DEFENSE

Defendants' claims are barred in whole or in part by the doctrines of waiver and estoppel.

### SIXTH DEFENSE

Defendants lacks standing to assert the claims in their Counterclaim.

### SEVENTH DEFENSE

Any injury to Defendants was due to and caused by the carelessness, negligence and/or omissions of Defendants, which carelessness and/or negligence and/or omissions were the proximate cause of the damage, if any, to Defendants.

### EIGHTH DEFENSE

To the extent that Defendants suffered any detriment, such detriment was caused or contributed to by Defendants' negligence and damages, if any, should be reduced in direct proportion to its fault.

## NINETH DEFENSE

The injuries and damages alleged by Defendants, if any, were proximately caused by the negligence, conduct and liability of other persons or entities, and this answering Plaintiff requests that an allocation of such negligence, conduct, and liability be made among such other persons or entities, and that, if any liability is found on the part of this Plaintiff, judgment against this Plaintiff be only in an amount which is proportionate to the extent and percentage by which this answering Plaintiff's acts or omissions contributed to Defendants' injuries or damages, if at all.

## TWELVETH DEFENSE

The negligence of a third party or parties was a superseding, intervening cause of Defendants' claimed injuries or damages.

## THIRTEENTH DEFENSE

Defendants failed to mitigate their damages.

## FOURTEENTH DEFENSE

Defendants' claims and requests for relief are barred, in whole or in part, by the doctrine of judicial estoppel.

## FIFTEENTH DEFENSE

Defendants' claims and requests for relief are barred, in whole or in part, by the doctrine of assumption of risk.

## SIXTEENTH DEFENSE

Defendants' claims and requests for relief are barred, in whole or in part, by consent.

## SEVENTEENTH DEFENSE

Defendants' claims and requests for relief are barred, in whole or in part, by the doctrines of collateral estoppel and/or res judicata.

## EIGHTEENTH DEFENSE

Any damages Defendants may seek to recover, proof of which is required, was the result of Defendants' own actions, or the actions of others unrelated to Plaintiff.

## NINETIENTH DEFENSE

Plaintiff reserves the right to plead and assert additional defenses as discovery of further assertions by Defendants should thereafter dictate.

## ANSWER

The Plaintiff, so named in the Counterclaim, further answers the enumerated paragraphs of the Counterclaim as follows:

1.

Plaintiff denies the allegations in Paragraph 1.

2.

Plaintiff denies the allegations in Paragraph 2.

3.

Plaintiff denies the allegations in Paragraph 3.

4.

Plaintiff denies the allegations in Paragraph 4.

5.

Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph5, and therefore neither denies nor admits them.

6.

Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph5, and therefore neither denies nor admits them.

7.

Plaintiff denies the allegations in Paragraph 7.

8.

Plaintiff denies the allegations in Paragraph 8.

9.

Plaintiff denies the allegations in Paragraph 9.

## COUNT I

10.

Plaintiff restates and incorporates each and every of its responses to Paragraphs 1 – 9 of its Answer herein as though fully stated.

11.

Plaintiff denies the allegations in Paragraph 11.

12.

Plaintiff denies the allegations in Paragraph 12.

## COUNT II

13.

Plaintiff restates and incorporates each and every of its responses to Paragraphs 1 – 12 of its Answer herein as though fully stated.

14.

Plaintiff denies the allegations in Paragraph 14.

15.

Plaintiff denies the allegations in Paragraph 15.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a. Dismissal with prejudice of Defendants' Counterclaim, in its entirety;

b. Denial of any and all relief sought by Defendants;

   c. Cast all costs upon Defendants;

   d. Award Plaintiff attorneys' fees, costs, and disbursements in an amount to be determined at trial;

   e. Any and all further relief this Court deems just.

## DEMAND FOR JURY TRIAL

TO THE CLERK OF THE ABOVE ENTITLED COURT:

PLEASE TAKE NOTICE that Plaintiff NUE MEDICAL CONSULTING, INC. demands a trial by jury pursuant to Federal Rules of Civil Procedure Rule 38(b).

Respectfully submitted this 3rd day of August, 2015.

JOSEPH & ALEEM, LLC

_____
Tarek S. Abdel-aleem
Georgia Bar No. 946317
tarek@josephaleem.com

1130 Hurricane Shoals Rd NE - Suite 2600
Lawrenceville, GA 30043
(678) 407-9818

*Attorney for Plaintiff Nue Medical Consulting, Inc.*

## **CERTIFICATE OF COMPLIANCE**

In compliance with N.D. Ga. R. 7.1D, I certify that the foregoing PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS' COUNTERCLAIM has been prepared in conformity with N.D. Ga. R. 5.1. This document was prepared with Times New Roman (14 point) type, with a top margin of one and one-half (1 ½) inches and a left margin of one (1) inch.

This 3rd day of August, 2015.

/s/ Tarek Abdel-Aleem__
Tarek Abdel-Aleem
GBN 946317
Counsel for Plaintiff Nue Medical Consulting, Inc.


JOSEPH & ALEEM, LLC
Tarek Abdel-Aleem, Esq. GA Bar No. 946317
1130 Hurricane Shoals Road, NE Ste. 2600
Lawrenceville, GA 30043
Telephone (678) 878-3042
Email: tarek@josephaleem.com
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have electronically filed PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS' COUNTERCLAIM with the Clerk of Court using the CM/ECF system, which automatically provides email notification of the filing to the following attorneys of record:

**Counsel for Defendants**
Megan P. Mitchell
Georgia Bar No. 916934
C. Knox Withers
Georgia Bar No. 142482
ARNALL GOLDEN GREGORY LLP
171 17th Street NW, Suite 2100
Atlanta, GA 30363-1071

Bruce E. Reinhart (admitted *pro hac vice*)
Florida Bar No. 0010762
MCDONALD HOPKINS
Flager Center Tower
505 South Flager Drive, Suite 300
West Palm Beach, FL 33401

*Attorneys for Defendants*

I FURTHER CERTIFY that the undersigned responsible for service of the above document acknowledges that I am in possession of the original of the foregoing and the custodian thereof, the same to be held in accordance with the local rule.

This 3rd day of August, 2015.

                                                  /s/ Tarek Abdel-Aleem__
                                                  Tarek Abdel-Aleem
                                                  GBN 946317
                                                  Counsel for Plaintiff Nue Medical Consulting, Inc.

JOSEPH & ALEEM, LLC
Tarek Abdel-Aleem, Esq. GA Bar No. 946317
1130 Hurricane Shoals Road, NE Ste. 2600
Lawrenceville, GA 30043
Telephone (678) 878-3042
Email: tarek@josephaleem.com
Counsel for Plaintiff